LAWRENCE, Judge.
Dixie Insurance Company (Dixie) filed a declaratory judgment action to determine whether it owed $10,000 or $20,000 for the benefit of its insureds, Sydette A. and Donald G. Thomas. Jake Fulmer, Jr. (Fulmer) was injured in an accident on July 29,1991. Dixie on that day insured both of the Thomases’ vehicles, their Corolla and their pickup truck, under separate but otherwise identical policies. Fulmer was helping Donald, his brother-in-law, hook the disabled Corolla to the back of the pickup truck. Donald was in the pickup; Fulmer was holding the tongue of a two-wheeled dolly bearing the Corolla, attempting to attach the tongue to the pickup’s hitch; the Corolla shifted on the dolly when Donald’s foot slipped off the pickup’s brake; the tongue dropped on Fulmer’s foot, crushing it.
Fulmer sued Donald for negligence, alleging that the Thomases’ policies should be stacked. All parties moved for summary judgment; the trial judge granted Fulmer’s motion and, in Dixie’s declaratory judgment action, held that the Thomases’ policies could be stacked, providing Fulmer with $20,000 in benefits. This appeal followed. We reverse.
Dixie’s policies insuring the Corolla and pickup truck contained the following language: ‘With respect to any accident to which this and any other auto policy issued to you by us applies, the total limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.” The policies also contained this language:
We will pay no more than these [bodily injury] máximums regardless of the number of vehicles described in the Declarations, insured persons, claims, claimants or policies, or vehicles involved in the accident. Any amount payable under this coverage to or for an injured person will be reduced by any payment made to that person under the Uninsured Motorists Coverage of this policy.
This language is clear and unambiguous. It limits benefits to $10,000 per person “regardless of the number of vehicles described in the declarations,” and “regardless of the number of vehicles ... involved in the accident.” Where the language of a policy is clear and unambiguous, “construction” is inappropriate. See Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Ins. Corp., No. 78,293, slip op. at 5, — So.2d -, -(Fla. July 1, 1993).
Sydette argues that the facts of this case are unique in that both of the vehicles in *1307 sured by Dixie were involved in Fulmer’s injury. The facts are indeed unique (two cars insured by Dixie causing one injury); the policy provision nevertheless is clear — it limits liability no matter how many cars are insured, and no matter how many cars are involved in the accident. Sydette says that Dixie failed to argue below that only one vehicle (the pickup) was involved in the accident and therefore Dixie waived that issue for appeal. Assuming but not deciding whether Dixie waived the “only one vehicle” issue, the fact remains that the language of the policies imposes the $10,000 limitation “regardless of the number of ... vehicles involved in the accident.”
The trial court erred in concluding that the policies could be stacked, resulting in a total of $20,000 of benefits to Fulmer, in view of the language of the policies. The ease therefore is reversed and remanded for consistent proceedings.
It is so ordered.
BARFIELD and WEBSTER, JJ., concur.